UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Appearing | | None Appearing | |

Proceedings: (IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

## I. Introduction

On July 6, 2015, plaintiff Johnathan Robertson, a California prisoner proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. [Dkt. No. 1.] The Complaint names four defendants: (1) San Bernardino County Sheriff John McMahon, (2) San Bernardino County ("County"), (3) Deputy Rappisi, and (4) Sheriff's Custody Specialist ("SCS") P. Ramer. (Compl. at 3-4.)

As currently pled, the Complaint warrants dismissal, but Plaintiff shall be afforded leave to amend.

## II. Allegations of the Complaint

According to the Complaint, on March 11, 2015, Deputy Rappisi – who is apparently a correctional officer at West Valley Detention Center – "became angry and slammed [Plaintiff's] head into [a] wall," causing Plaintiff's nose to bleed. (*Id.* at 5.) Then, while Plaintiff was handcuffed, Deputy Rappisi bent the index and middle fingers on Plaintiff's left hand, causing them to become swollen. (*Id.*) Plaintiff claims that these alleged actions violated his Eighth and Fourteenth Amendment right to be free from the use of excessive force. (*Id.*)

Also according to the Complaint, that same day, in an apparently unrelated incident, SCS Ramer placed a recording device at Plaintiff's work station while Plaintiff was on the phone with his attorney. (*Id.*) Although Plaintiff informed SCS Ramer that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

he was speaking with his attorney, SCS Ramer refused to remove the device. (*Id.*) On these alleged facts, Plaintiff purports to assert a claim against SCS Ramer for violation of his Sixth Amendment right to counsel. (*Id.*)

Finally, Plaintiff asserts claims concerning these same alleged constitutional violations against Sheriff McMahon on the grounds that he "oversees his deputies and is responsible for their actions," and against the County for failing to train its employees. (*Id.*)

## III. Legal Standards

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by prisoners seeking redress from governmental entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the Court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Plaintiff Fails to State an Excessive Force Claim

First, Plaintiff asserts a claim against Deputy Rappisi for violation of Plaintiff's constitutional right to be free from the use of excessive force.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . : whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Factors relevant to the analysis include: "the extent of injury," "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* at 7 (citation omitted).

Here, Plaintiff alleges that Deputy Rappisi "slammed [Plaintiff's] head into the wall," causing Plaintiff's nose to bleed, then bent the index and middle fingers on Plaintiff's left hand, causing them to become swollen. (Compl. at 5.) However, Plaintiff fails to set forth any other allegations concerning the incident. Importantly, Plaintiff fails to explain: what led to the incident; where the incident took place; whether Deputy Rappisi engaged in other conduct to defuse the need for force; and why Plaintiff believes the use of force was extreme and unnecessary. As such, the Court cannot determine whether it is plausible that Deputy Rappisi used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson*, 503 U.S. at 7.

Consequently, the Court finds that Plaintiff has failed to state a claim for violation of his constitutional right to be free from the use of excessive force. If Plaintiff chooses to amend the Complaint, he must allege additional facts to support this claim.

### V. Plaintiff Fails to State a Claim against SCS Ramer

Second, Plaintiff challenges SCS Ramer's refusal to remove a recording device from Plaintiff's work station while Plaintiff attempted to speak on the telephone with his attorney. (Compl. at 5.) Although Plaintiff asserts a sole claim for violation of his right to counsel, in the interests of justice, the Court will also consider whether Plaintiff has stated a claim for violation of his right of access to the courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

A. <u>Right to Counsel</u>

As a rule, the Sixth Amendment protects "a criminal defendant's ability to communicate candidly and confidentially with his lawyer . . . ." *Nordstrom v. Ryan*, 762 F.3d 903, 910 (9th Cir. 2014). However, governmental interference with this confidential relationship violates the Sixth Amendment only if it "substantially prejudices the criminal defendant." *Id*. "Substantial prejudice results from the introduction of evidence gained through the interference against the defendant at trial, from the prosecution's use of confidential information pertaining to defense plans and strategy, and from other actions designed to give the prosecution an unfair advantage at trial." *Williams v. Woodford*, 384 F.3d 567, 585 (9th Cir. 2002).

Additionally, under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a plaintiff cannot recover damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff can "prove that the conviction or sentence" has been reversed, expunged, or declared invalid. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff's Sixth Amendment claim fails for three reasons:

- First, Plaintiff fails to allege that the attorney he wished to speak with represented him in a *criminal* matter. *See Nordstrom*, 762 F.3d at 910 (noting that Sixth Amendment protects a *criminal* defendant's ability to communicate with lawyer).

- Second, assuming *arguendo* that Plaintiff's allegations concern a criminal matter, Plaintiff fails to allege that he has suffered *any* prejudice – let alone "substantial prejudice" – as a result of his inability to speak privately with his attorney on one occasion. *See Williams*, 384 F.3d at 585.

- Third, to the extent Plaintiff *can* allege "substantial prejudice" – *i.e.*, to the extent Plaintiff can allege that this event provided the prosecution in his criminal case with an "unfair advantage" that resulted in his conviction – such a showing would "necessarily impl[y] the invalidity of his conviction or sentence." *See Heck*, 512 U.S. at 487. Any such claim is likely *Heck*-barred, unless Plaintiff can prove that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

his conviction or sentence has been reversed, expunged, or declared invalid. *See id.*

Consequently, the Court finds that Plaintiff has failed to state a claim for violation of his Sixth Amendment right to counsel. If Plaintiff chooses to amend the Complaint, he should not re-allege this claim unless he has a good faith belief that he can satisfy the standards discussed above.

      B.      <u>Right of Access to the Courts</u>

In the event that Plaintiff's claim against SCS Ramer concerns a legal conversation Plaintiff wished to have regarding a *civil* matter, it is properly analyzed as a "right of access" claim.

Generally, under the First and Fourteenth Amendments, prisoners have a constitutional right of "meaningful access to the courts." *Phillips v. Hust*, 588 F.3d 652, 655-56 (9th Cir. 2009) (internal quotation marks omitted). "The opportunity to communicate privately with an attorney is an important part of that meaningful access." *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). In order to state a "right of access" claim, the prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal claim has been frustrated or impeded, and (2) he has suffered an "actual injury" as a result. *Lewis v. Casey*, 518 U.S. 343, 348, 352-53 (1996).

Here, Plaintiff fails to allege that, at the time of the events in question, he had a nonfrivolous legal claim that was frustrated or impeded as a result of SCS Ramer's alleged actions. Indeed, Plaintiff fails even to identify the matter that he wished to discuss with his attorney. Further, Plaintiff has failed to allege that he suffered an "actual injury" as a result of SCS Ramer's alleged actions. *See Lewis*, 518 U.S. at 348.

Consequently, the Court finds that Plaintiff has failed to state a claim for violation of his right of access to the courts. If Plaintiff chooses to amend the Complaint, he should not allege this claim unless he has a good faith belief that he can satisfy the standards discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

### VI. Plaintiff Fails to State Claims against Sheriff McMahon

Third, Plaintiff asserts a claim against Sheriff McMahon on the grounds that he "oversees his deputies and is responsible for their actions." (Compl. at 5.)

As a rule, supervisory officials are not liable under § 1983 for the actions of their subordinates under any theory of vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (internal quotation marks omitted). Under the latter theory, "supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Id.* (internal quotation marks omitted).

Here, Plaintiff fails to allege that Sheriff McMahon was personally involved in, or had any causal connection to, any of Plaintiff's alleged constitutional violations.

Consequently, the Court finds that Plaintiff has failed to state a claim against Sheriff McMahon. If Plaintiff chooses to amend the Complaint, he should not re-allege this claim unless he has a good faith belief that he can satisfy the standards discussed above.

### VII. Plaintiff Fails to State Claims against the County

Fourth, and finally, Plaintiff asserts a claim against the County on the grounds that it is responsible for training its employees. (Compl. at 3.)

As a rule, municipalities are not liable under § 1983 for the constitutional torts of their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978). Rather, to establish municipal liability, a plaintiff must show that the municipality had a "deliberate policy, custom, or practice" that was the "moving force" behind a constitutional violation. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007). In particular, where a plaintiff claims that a municipality should be held liable under § 1983 for failing to train

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

its employees, it is only where the municipality's failure to train "evidences a deliberate indifference to the rights of its inhabitants" that such a shortcoming can be "properly thought of as a city policy or custom that is actionable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

Here, Plaintiff merely alleges that the County should be "held accountable for the lack of training [of] its employees." (Compl. at 5.) Importantly, Plaintiff fails to allege "what the training . . . practices were, how the training . . . practices were deficient, or how the training . . . practices caused [Plaintiff's] harm." *See Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

Consequently, the Court finds that Plaintiff has failed to plead enough "factual content" from which the Court could reasonably infer that the County's purported failure to train evidenced a "deliberate indifference" to Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 678; *see also City of Canton*, 489 U.S. at 389. If Plaintiff chooses to amend the Complaint, he should not re-allege this claim unless he has a good faith belief that he can satisfy the standards discussed above.

## VIII. Leave to File an Amended Complaint

As the Court cannot conclude at this juncture that amendment to the Complaint would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, **IT IS ORDERED THAT**:

1) Within **30 days of the date of this Order**, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above. The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the First Amended Complaint. **If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action**.

2) If Plaintiff chooses to file a First Amended Complaint, he must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1326 PA (JCG) | Date | March 11, 2016 |
|---|---|---|---|
| Title | *Johnathan Robertson v. John McMahon, et al.* | | |

  explaining: (a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury Plaintiff suffered because of that defendant's conduct. *See* Fed. R. Civ. P. 8. If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

3) Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form. The First Amended Complaint may not incorporate any part of the Complaint by reference.

4) As a rule, any amended complaint supersedes previously filed complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). Thus, after amendment, the Court will treat the Complaint as nonexistent. *Id.*

**IT IS SO ORDERED.**

cc: Parties of Record

                        00 : 00

                Initials of Clerk   kh